United States District Court
Southern District of Texas
**ENTERED**
November 04, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| PAUL PARROTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-118 |
| | § | |
| INTERNATIONAL BANK OF | § | |
| COMMERCE, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court are the parties' Joint Motion to Transfer Venue, (Dkt. No. 21), and Plaintiff's Unopposed Motion to Stay Deadlines, (Dkt. No. 22).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The statute revised the common law doctrine of *forum non conveniens* and grants courts more discretion to transfer cases to other federal courts. *Piper Aircraft Co. v. Reno*, 454 U.S. 235, 253 (1981). Courts must consider various private- and public-interest factors to determine whether transfer is warranted. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). The private-interest factors are "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft*, 454 U.S. at 241 n.6. The public-interest factors are "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.*

Here, the parties consent to the transfer, and a forum-selection clause purports to govern the contract at issue. (Dkt. No. 21 at 2). The forum-selection clause in the contract provides for legal actions to be brought in the United States District Court for the

Southern Western District of Texas. (Dkt. No. 17 at 3). The parties jointly move to transfer this case to the Western District of Texas, San Antonio Division. (Dkt. No. 21 at 3). When a forum-selection clause governs venue, it should be "given controlling weight in all but the most exceptional circumstances." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 62 (2013).

Based on the foregoing, the Parties' Joint Motion to Transfer Venue, (Dkt. No. 21), is **GRANTED**.

Also before the Court is Plaintiff's Unopposed Motion to Stay Deadlines, (Dkt. No. 22), relating to Defendants' Motion to Compel Arbitration, (Dkt. No. 17), and Amended Motion to Compel Arbitration, (Dkt. No. 19).[1] Plaintiff moves to extend his deadline until 45 days after the Court rules on the Joint Motion to Transfer Venue. (Dkt. No. 22 at 2).. The Amended Motion was filed on October 8, 2024. (Dkt. No. 19). Therefore, Plaintiff's response was due October 29, 2024. *See* S.D. Tex. L. R. 7.4.A. Defendants, in their Motion to Compel Arbitration, argue that "any dispute" over the arbitration provision must be litigated in the Western District of Texas, and so it would be fruitless for Plaintiff to respond in this Court. (Dkt. Nos. 16 at 2; 22 at 2).

Rule 6(b) governs extensions of deadlines set by the Federal Rules of Civil Procedure, or by order of the District Court. *See* Fed. R. Civ. P. 6(b)(1); see also 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2013). When a party moves to extend a deadline before it expires, the Court may extend the deadline for "good cause." Fed. R. Civ. P. 6(b)(1). "The permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the district court's discretion." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010); *see SL Pathology Leasing of Texas LLC v. Miraca Life Scis., Inc.*, No. H-14-3724, 2015 WL 672264, at *1 (S.D. Tex. Feb. 17, 2015).

Plaintiff asks for a 45-day extension to their deadline to respond. (Dkt. No. 22 at 2). While the motion is unopposed, this would cause unnecessary delay since Plaintiff has already had three weeks to respond to the motion. Furthermore, as this case will be transferred, it would be presumptuous for this Court to set an unduly lengthy deadline

---

[1] The Original Motion, (Dkt. No. 17), lacked a Certificate of Conference as mandated by Rule 7.1.D of the Southern District of Texas Local Rules.

while transferring the case to another court. However, in light of the motion to transfer, the Court finds good cause to grant a more modest 14-day extension to Plaintiff's deadline to respond to Defendants' Motion to Compel Arbitration. (Dkt. Nos. 17, 19).

Therefore, the Parties' Joint Motion to Transfer Venue, (Dkt. No. 21), is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1404(a).

Plaintiff's Unopposed Motion to Stay Deadline to Respond to Defendants Motion to Compel Arbitration, (Dkt. No. 22), is **GRANTED in part**. Plaintiff's deadline to file a response is extended to **November 15, 2024**.

It is so **ORDERED**.

**SIGNED** on November 1, 2024.

_____
John A. Kazen
United States District Judge